*264 OPINION.
ARUNdell:
It can not be questioned that the securities of petitioner which were sold in 1937 constitute “capital assets” as that term is defined in section 117 (b) of the Revenue Act of 1936. Nor is it longer considered material whether such sale be a voluntary or involuntary one. Helvering v. Hammel, 311 U. S. 504. In the instant case petitioner’s contention that the sales were involuntary might well be questioned if the point be material, for every sale of shares by the trust company was directly authorized by petitioner and no sale was made except after he had been consulted and approved the transaction.
*265 As stated by the Second Circuit Court of Appeals in Commissioner v. Electro-Chemical Engraving Co., 110 Fed. (2d) 614; affd., 311 U. S. 513, “We should be surprised if a taxpayer who had pledged securities with a broker and had them sold out on the Stock Exchange could obtain a deduction of more than $2,000 for a capital loss incurred through such a liquidation.” Nor does it seem to us material that the shares were used as collateral to secure the indebtedness of some one other than the taxpayer. The sale was no less a sale of capital assets whether it was made directly by the taxpayer, for him, or as an incident to carrying out a transaction into which he had entered. It is the sale of the capital assets which measures the loss rather than the circumstances which prompted the sale. The limitation on losses was a deliberate act of Congress and had its genesis in the great depression which brought about a tax consequence where current income was being offset to such an extent as seriously to impair the revenue.
Petitioner on brief urges that the loss is one sustained in a transaction entered into for profit and measures the loss by the difference between the fair market value of the securities at the date they were pledged and the price received for them on their sale. We know of no reason, however, why this transaction should not be treated for what it was, viz., a sale of securities. If petitioner’s guarantee of the corporate notes had not been accompanied by the deposit of the securities as collateral and he had personally sold these shares to make good the guarantee, we do not think he would have ventured the argument that the capital loss provisions would not be applicable Sec. 117 (d), Revenue Act of 1936. We find no reason for a different treatment where a sale is made under the circumstances here present. The respondent is sustained.

Decision will he entered under Bule 50.